UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EDWARD R. HILL, JR. | § | CIVIL ACTION NO. _____ |
| VERSUS | § | SECTION: _____ |
| MACY'S CORPORATE SERVICES, INC. | § | MAGISTRATE: _____ |

**COMPLAINT**

NOW INTO COURT, by and through undersigned counsel, comes plaintiff, EDWARD R. HILL, JR., a person of the full age of majority, who respectfully avers the following, to wit:

1.

Plaintiff brings this cause of action pursuant to the laws of the State of Louisiana, including but not limited to La. Civil Code Art. 2315, *et seq*.

2.

Jurisdiction is founded on 28 U.S.C. §1332 as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

3.

Venue is proper under 28 U.S.C. §1391(a)(1) as the defendant resides in the Eastern District of Louisiana according to application of 28 U.S.C. §1391© since the defendant is subject to personal jurisdiction within this district.

4.

Named defendant is MACY'S CORPORATE SERVICES, INC. (hereinafter MACY'S), a foreign corporation authorized to do and doing business within this state and within the jurisdiction of this Honorable Court, which is engaged in the business of a retail clothing and department store .

5.

On or about August 24, 2009, plaintiff, Edward R. Hill, Jr., was a customer at the defendant's store in Lafayette, Louisiana.  While in the defendant's store, plaintiff sat in a chair provided by the defendant for customers and the chair broke causing plaintiff to fall and to be injured.   Plaintiff's damages are a direct result of the negligence of the defendant and/or the strict liability of the defendant for its defective and unsafe chair.

6.

Negligence is attributable to the defendant, Macy's, based upon the following non-exclusive listing:

    a.    failing to provide the plaintiff with a safe and suitable chair;

    b.    failing to adequately inspect  the chair provided to plaintiff;

    d.    failing to adequately train and/or otherwise supervise its personnel in the performance of their duties;

  e.  other negligent acts and/or omissions to be shown at the trial of this action.

7.

Strict liability is attributable to the defendant, Macy's, based upon the following non-exclusive listing:

  a.  the chair provided to plaintiff was owned by the defendant and/or was controlled by the defendant at the time of the incident;

  b.  the chair provided to plaintiff was defective and unsafe at the time of the incident; and,

  c.  the defendant knew or should have known of the defective and unsafe condition of its chair prior to providing it to the plaintiff to sit in.

8.

As a result of defendant's negligence and/or unsafe and defective chair, Plaintiff sustained new injuries and aggravation to pre-existing injuries, including but not limited to his left hand and post traumatic stress disorder.  Plaintiff has undergone surgery on his left hand since this incident which is attributable to this incident.

9.

As a result of the above and foregoing negligent acts and/or omissions and strict liability, plaintiff, Edward R. Hill, Jr., has suffered severe and disabling physical and mental injuries and seeks monetary damages for the following:

  a.  Past and future physical pain and suffering;

  b.  Past and future mental and emotional pain and suffering;

  c.  Past and future medical expenses;

d.      Loss of enjoyment of life; and,

e.      Additional damages to be shown at the trial of this action.

10.

Plaintiff requests a trial by jury.

11.

Plaintiff was not at fault in causing this incident or the resulting damages.

WHEREFORE, plaintiff, EDWARD R. HILL, JR., prays for judgment herein and against defendant, MACY'S CORPORATE SERVICES, INC., and that defendant be duly cited and served with a copy of this Complaint, that they be cited to appear and answer same within the delays allowed by law, and that after due proceedings, that there be judgment rendered herein in favor of plaintiff, EDWARD R. HILL, JR., and against defendant herein, MACY'S CORPORATE SERVICES, INC.. in the total sum of THREE HUNDRED FIFTY THOUSAND ($350,000.00) DOLLARS, plus interest from the date of accident until paid, all costs of these proceedings, and for all other general, equitable maritime relief.

Respectfully submitted:

STRAUSS & KING, APLC


*/s/ Berney L. Strauss*
Berney L. Strauss #12527
Rhett E. King #23811
406 Magazine Street, Suite 300
New Orleans, Louisiana 70130
504-523-0033 (telephone)
504-523-0109 (facsimile)
rhettking@straussandking.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of March, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Service of the complaint and summons will be in accordance with the Federal Rules of Civil Procedure.

                                */s/ Rhett E. King*
                                Rhett E. King